DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PERRY WALTER PARKS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-1012

[August 12, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence Michael Mirman, Judge; L.T. Case No. 562023CF001034AXXXXX.

Daniel Eisinger, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

### *ON CONFESSION OF ERROR*

KLINGENSMITH, J.

Appellant Perry Walter Parks appeals his conviction and sentence following a jury trial in which he was adjudicated guilty of three counts: possession of a firearm or ammunition by a convicted felon, possession with the intent to sell or deliver MDPV, and possession of a substituted cathinone. We affirm on all issues raised except whether the trial court erred in denying Appellant's motion to correct sentence as to prosecution costs. On this issue, we agree with Appellant in part and reverse that portion of his sentence.

The trial court sentenced Appellant following the jury's verdict of guilty on all three counts. As part of the sentencing, the State initially recommended $200 for prosecution costs, but then later requested $100 for prosecution costs. The trial court orally imposed the $100 mandatory prosecution costs, but the written cost order imposed $200 based on the State's initial recommendation.

Appellant moved to correct his sentence under Florida Rule of Criminal Procedure 3.800(b)(2) challenging the $200 prosecution costs. He argued that the oral pronouncement of the prosecution costs controls over what was reflected in the written judgment of costs. Appellant's motion was deemed denied when the trial court did not rule on it within sixty days. *Maestas v. State*, 76 So. 3d 991, 993 n.1 (Fla. 4th DCA 2011) (first citing *Sessions v. State*, 907 So. 2d 572, 573 (Fla. 1st DCA 2003); then citing *Wilson v. State*, 853 So. 2d 1119 (Fla. 4th DCA 2003)).

We review scrivener's errors in sentencing and prosecution costs de novo. *Sols v. State*, 310 So. 3d 422, 424 (Fla. 4th DCA 2021) (quoting *Pitts v. State*, 202 So. 3d 882, 884 (Fla. 4th DCA 2016)).

The State concedes that the trial court erred by imposing the $200 prosecution costs instead of the $100 which it had orally pronounced. An allegation asserting a difference between the oral pronouncement and the written judgment is sufficient under rule 3.800(a) to correct an illegal sentence. *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007). We have consistently held that "[w]here a trial court's written sentencing order conflicts with the oral pronouncement, the oral pronouncement controls." *Wilson v. State*, 410 So. 3d 1211, 1211 (Fla. 4th DCA 2025) (quoting *Santiago v. State*, 133 So. 3d 1159, 1167 (Fla. 4th DCA 2014)).

Therefore, we reverse and remand to the trial court with instructions to strike the $200 prosecution costs and impose the $100 mandatory minimum prosecution fees. We affirm on all other issues without comment, including Appellant's claim he was entitled to a twelve-person jury. *See Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied*, No. SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023), *cert. denied*, 144 S. Ct. 2595 (2024).

*Affirmed in part, reversed in part and remanded.*

CIKLIN and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely-filed motion for rehearing.**